**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

In re:

JENNY RIVERA,

                    Debtor.

Civil Action No. 06-4278 (KSH)

**OPINION**

RHONDI LYNN SCHWARTZ

                    Appellant,

v.

UNITED STATES TRUSTEE'S OFFICE

                    Appellee.

**KATHARINE S. HAYDEN, U.S.D.J.**

**I.  Introduction**

On May 25, 2006, the United States Bankruptcy Court for the District of New Jersey

issued an order in a bankruptcy proceeding,  In re Rivera, Case No. 01-42625 (MS), that assessed

penalties against the appellant, Rhondi Lynn Schwartz ("Schwartz"), and permanently enjoined

her from engaging in certain practices.  Schwartz timely appealed the May 25, 2006 order.

Schwartz is the sole appellant.  Two other parties who were subject to the bankruptcy

court's May 25th order, EverHome Mortgage Company ("EverHome") and Shapiro and Diaz,

LLP ("S&D"), filed appeals.  EverHome has since stipulated with the appellee to remand further

proceedings to the bankruptcy court, and S&D has withdrawn its appeal.

   The Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

## II.  Background[1]

   Jenny Rivera filed a voluntary petition for Chapter 13 bankruptcy on November 16, 2001,

in which she listed an interest in a residence encumbered by a mortgage with Alliance Mortgage.

Filing such a petition automatically stays the continuation of foreclosure proceedings against the

debtor.  11 U.S.C. § 362(a).

   On October 11, 2002, Alliance filed a motion seeking relief from the bankruptcy stay

through the law firm of Shapiro and Diaz, LLP ("S&D"), which the bankruptcy court granted by

order dated February 11,  2003.  Rivera then filed a motion to reimpose the stay.  After a lengthy

delay the parties reached a settlement and the bankruptcy court granted Rivera's motion on June

1, 2004.  The order granting the motion also provided that Alliance would be entitled to file a

certification[2] if Rivera defaulted on her mortgage payments and stated that if no objections were

made to that certification, the bankruptcy court would lift the stay.

   On August 16, 2005, Rhondi Lynn Schwartz, an attorney at S&D, electronically filed a

document captioned "Certification of Non-Receipt of Monies" (the "Rivera Certification")[3] on

---

[1]The following background is taken from the bankruptcy court's published opinion,  In re
Rivera, 342 B.R. 435, 438 (Bankr. D.N.J., 2006).

[2]Under Local Bankruptcy Rule 4001-1(b), a party seeking relief from a stay must file a
certification or affidavit containing supporting facts.

[3]Rivera Certification, Ex. 10 to the Record on Appeal.

behalf of EverHome Mortgage Company.[4]  Her submission sought the entry of an order vacating the stay imposed in the Rivera bankruptcy proceeding.  The bankruptcy court noticed certain anomalies in the Rivera Certification:

> [T]he signature page has the appearance of having been telefaxed on "12/24/2003," bears "8" as a paragraph number with the next preceding page ending with a paragraph numbered "5," and is otherwise undated, yet relates to defaults in a period ranging from November 1, 2004 to August 15, 2005, and, further, . . . the certification appears to be signed by one "Amirah Shaheid" without reference to that person's position with Everhome Mortgage Company . . . on its face, the purported paragraph 8 including the signature of "Amirah Shaheid" appears to have been simply affixed to the five-paragraph first page of the Certification of No-Receipt of Monies. . . .

> In re Rivera, 342 B.R. at 443, n.8.

The bankruptcy court also compared the Rivera Certification with certifications filed by S&D in other proceedings and discovered that an identical signature page had been used in several other cases.  On December 12, 2005, the bankruptcy court issued an order to show cause.

Extensive hearings ensued, prior to which S&D admitted in its pre-hearing submissions that it had used presigned client signature pages.  In re Rivera, 342 B.R. at 443.  In the course of the hearings, background was developed about S&D, to wit that the firm is part of a national network of law firms controlled by two Illinois attorneys, Gerald M. Shapiro and David Kreisman, who also operated a mortgage loan default outsourcing service called LOGS Financial Services, Inc. ("LOGS).  LOGS "interfaced with either mortgage holders or other servicers to process real estate foreclosures and related bankruptcy matters."  Id. at 439.

In about June of 2004, LOGS sold its business to First American National Default Outsourcing, LLC ("FANDO").  The bankruptcy court found that "in many instances S & D and

_____

[4]EverHome Mortgage Company is the successor in interest to Alliance Mortgage.

other network law firms actually received (and continue to receive) data for foreclosure and bankruptcy motions or applications from such post default servicers, rather than from mortgagees or primary loan servicers." Id. In other words, S&D usually got its information about post-petition defaults from servicers like LOGS and this information was used as the basis for motions for stay relief.

With regard to the Rivera certification, the bankruptcy court found that the purported signatory of that document, one Amirah Shaheid, had previously worked for LOGS and FANDO. While she was working there she signed a batch of signature pages at the behest of her supervisor. The bankruptcy court also found that Amirah Shaheid had not worked for LOGS or FANDO for over a year when the Rivera Certification was filed. In re Rivera, 342 B.R. at 443. In addition, according to a representative from EverHome, Amirah Shaheid was never authorized to sign documents on its behalf. Id. at 439. Further, the bankruptcy court found that Amirah Shaheid's "warehoused statement of certification" had been used approximately 250 times in after she ceased working for LOGS and FANDO. Id.

The bankruptcy court concluded that S&D's practice of "using a presigned certifying paragraph, and of not having the signatory to the supporting certification both review the full and final form of certification and execute that certification contemporaneously with that review, all prior to the filing of such certification with the Court," id. at 467, violated Rule 9011[5] of the Federal Rules of Bankruptcy Procedure, and under that Rule and its own inherent powers, the

---

[5] Pursuant to Fed. R. Bankr. P. 9011(b), when an attorney submits a document to the bankruptcy court, he or she must certify that the document is not being presented for any improper purpose and that the allegations and factual contentions in the document have evidentiary support. Fed. R. Bankr. P. 9011(c) provides that the bankruptcy court may sanction attorneys, law firms or parties who have violated subdivision (b).

court fined S&D $125,000 and permanently enjoined "S&D, Nelson Diaz[6], Esq., Rhondi L. Schwartz, Esq., Gerald Shapiro, Esq., David Kreisman, Esq., Shapiro and Kreisman LLC and any firms controlled by Gerald Shapiro, Esq. and/or David Kreisman, Esq." from engaging in future abusive practices and referred Schwartz, Diaz and S&D to the Chief Judge of the District of New Jersey. Id. at 467.


### III.  Standard

_____This Court applies the same standard of review as the Court of Appeals to appeals from the bankruptcy court. Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc., 57 F.3d 1215, 1223 (3d Cir. 1995).  "The bankruptcy court's legal interpretations are subject to plenary review, the factual findings of the bankruptcy court are reviewed for clear error, and the bankruptcy court's decisions regarding the awarding of fees are reviewed for abuse of discretion." In re Engel, 124 F.3d 567, 571 (3d Cir. 1997). _____


### IV. Discussion

_____Rhondi Lynn Schwartz was the attorney at S&D who filed the Rivera Certification. Schwartz raises three issues on appeal:  (1)  Whether the bankruptcy court erred in finding that she violated Fed. R. Bankr. P. 9011.  (2)  Whether the bankruptcy court erred in referring her to the Chief Judge of the District of New Jersey.  (3)  Whether the bankruptcy court erred in finding that she acted in bad faith.

Schwartz claims error in the finding that she violated Fed. R. Bankr. P. 9011 by filing the

_____

[6] Nelson Diaz is S&D's managing attorney.

Rivera Certification, arguing that she "conducted extensive and rigorous investigation to determine the accuracy of all factual contentions placed before the court."  (Schwartz's Brief 17.) "[B]y conducting such a meticulous factual inquiry, Schwartz guaranteed that each filing had factual and legal support and thus was made for a proper purpose."  (Id. at 19)  She contends that there is no authority for basing a Rule 9011 violation — as the bankruptcy court did here — on her filing of completely truthful and accurate certifications whose flaw was that they ran afoul of procedural requirements.  (Id. at 18-19)

Under Fed. R. Bankr. P. 9011, when an attorney files a certification with the bankruptcy court s/he is "certifying to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances" that, among other things, the certification "is not being presented for any improper purpose," and "the allegations and other factual contentions have evidentiary support."  Fed. R. Bankr. P. 9011(b)(1), (3).

Essentially Schwartz argues that the bankruptcy court erred in finding a violation of Fed. R. Bankr. P. 9011 because all of the data contained in the certification was accurate.  There are several problems with this position.   First, lawyers are expected to file certifications that contain accurate information, so her claims that she took purposeful steps to verify information does not absolve her, it merely demonstrates that she followed the rules.  Second, and significantly, the bankruptcy court rejected the claim of accuracy:  "In fact, though the would-be certification in this case may well have reflected accurately the state of EverHome's records, as has been established over the months since the court first issued its Order to Show Cause, EverHome's records overstated the post-petition arrears. *The records were not 'accurate.'* "  In re Rivera, 341 B.R. at 461 (emphasis in original).  Third, even if the data were accurate, someone from

mortgage company must certify to accuracy, and be responsible for that certification.  Fourth, the Rivera Certification contained glaring factual misrepresentations.  As the bankruptcy court pointed out, the "threshold factual contention" in the certification was "flatly untrue," because it was not reviewed and signed by the person whose signature appears at the end, a finding that establishes a lack of evidentiary support.  Fifth, the certification contained another assertion devoid of evidentiary support:  "I [Amirah Shaheid] hereby certify that the foregoing statements made by me are true and correct to the best of my knowledge and belief."  (Rivera Certification, Ex. 10 to the Record on Appeal.)  It is undisputed that Amirah Shaheid did *not* make those "foregoing statements."

Additionally, "[m]isuse of the judicial process through misrepresentations is an improper purpose."  <u>In re Kouerick</u>, 167 B.R. 353, 356 (Bankr. D.N.J. 1994.)  As the United States Trustee's Office stated in its brief, "[i]t is difficult to imagine any proper purpose for filing a faked certification."  (U.S. Trustee's Brief 24.)  The bankruptcy court did not err in finding that Schwartz violated Fed. R. Bankr. P. 9011.

Schwartz argues that the bankruptcy court erred in referring her to the Chief Judge of this District.  Local Civil Rule 104.1(e)(2) provides, "When misconduct or allegations of misconduct, which if substantiated would warrant discipline of an attorney, shall come to the attention of a Judge of this Court, and the applicable procedure is not otherwise mandated by these Rules, that Judge shall refer the matter in writing to the Chief Judge."  Under the Local Civil Rules, a violation of the Rules of Professional Conduct ("RPCs") constitutes misconduct.  L. Civ. R. 104.1(d)(2).  The bankruptcy court found that Schwartz's conduct raised serious questions about her compliance with the RPCs.  <u>In re Rivera</u>, 342 B.R. at 466.

-7-

This Court finds no error.  Schwartz's conduct as found could constitute violation of more than one of the Rules of Professional Conduct, for example:  RPC 3.3 ("Candor Toward the Tribunal") by submitting a document to the court that was not what it purported to be; and RPC 5.3 ("Responsibilities Regarding Nonlawyer Assistants") by allowing subordinate attorneys to prepare certifications with presigned signature pages.  It was not an abuse of discretion to refer her to the Chief Judge of the District Court.

Schwartz also argues that the bankruptcy court erred in finding that she acted in bad faith in filing the Rivera certification because "[a]ny conclusion of bad faith with respect to the Presigned-Certification Procedure is belied by the meticulous and extensive process by which S&D and Schwartz verified the correctness and accuracy of the information contained in every court filing."  (Schwartz's Brief 28.)

Schwartz knowingly filed a faked certification that she attempted to pass off as a valid certification.  In re Rivera, 342 B.R. at 438.  The bankruptcy court explicitly found that this was bad faith.

> This court finds more than negligence or gross negligence in the practice;  rather S & D, through its experienced counsel, Ms. Schwartz as the seasoned principal bankruptcy practitioner and Mr. Diaz as the managing attorney, operated in bad faith.   These attorneys knew the practice of attaching presigned forms to documents required to be certifications was a shortcut;  yet they acceded to pressures . . . . Id. at 461.

The record supports this determination.  Schwartz permitted this highly questionable practice to continue for years.  That the bankruptcy court found she acted reasonably in other respects is not inconsistent with its finding of bad faith, and this Court finds no error.

## V.  Conclusion

_____For all of the foregoing reasons, the bankruptcy court's May 25, 2006 order is affirmed.

An appropriate order will be entered.

_____


                                                    /s/Katharine S. Hayden

                                                    KATHARINE S. HAYDEN
                                                    United States District Judge